UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-160-FDW

| | |
|---|---|
| DENNIS ROGER VANDYKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LACY THORNBURG, ) | |
| FNU MCKELLER, ) | |
| KENT W. BROWN, ) | |
| ASHEVILLE FEDERAL COURTHOUSE, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2).[1] See 28 U.S.C. §§ 1915; 1915A.

Pro se Plaintiff Dennis Roger VanDyke is a North Carolina prisoner incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina. Plaintiff is a frequent and abusive filer of pro se lawsuits in this Court. Plaintiff filed this action on April 18, 2014, naming as Defendants retired district court judge Lacy Thornburg; FNU McKeller, identified as a "federal" attorney; Kent W. Brown, identified as a "State" attorney; and the "Asheville Federal Courthouse." (Doc. No. 1 at 3). Plaintiff complains that he is being denied credit on his pending probation in federal court for 52 days he spent at a North Carolina state mental hospital. Plaintiff

---

[1] Plaintiff originally filed the Complaint in the Eastern District of North Carolina, and that court transferred the action to this Court in an Order dated June 24, 2014. (Doc. No. 4).

1

states that he seeks "a salary of $3000.00 dollars a day for the 52 days that the federal government falsely incarcerated [Plaintiff] for the 52 days I did from January 12, 2005, till March 10, 2005." (Doc. No. 1 at 4).

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prisoner Litigation Reform Act ("PLRA")). Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). At least three of Plaintiff's previous civil actions have been dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. See, e.g., VanDyke v. Butner Reg'l Forensic Adm'r, 1:12cv149-RJC, Order, Doc. No. 4 at 2 (W.D.N.C. filed July 18, 2012) (citing cases). Thus, Plaintiff is subject to Section 1915(g)'s bar to filing civil actions under the PLRA without prepayment of the filing fee, unless he can show that he is under imminent danger of serious physical injury.

Plaintiff has not shown in the instant action that he is under imminent danger of serious physical injury as required by § 1915(g) of the PLRA. Therefore, pursuant to 28 U.S.C. § 1915(g), Plaintiff's Complaint is subject to dismissal without prejudice to his ability to re-file with prepayment of the full filing fee.[2] Furthermore, Plaintiff is hereby warned that if he

---

[2] If Plaintiff were to re-file this action and prepay the full filing fee, this action would then be subject to dismissal with prejudice because Judge Thornburg is entitled to absolute judicial immunity, Defendants McKeller and Brown are attorneys not subject to § 1983 actions, and the

continues to file frivolous and/or meritless actions, the Court will not hesitate to impose a pre-filing review system and, ultimately, a pre-filing injunction to prevent Plaintiff from needlessly burdening the Court.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice**.

2. The Clerk is directed to terminate Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), as no longer pending.

3. The Clerk is directed to terminate this case.

Signed: June 28, 2014

Frank D. Whitney
Chief United States District Judge

---

"Asheville Federal Courthouse" is not a legal entity capable of being sued.